UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JEFFREY DANIEL,** § | |
| § | Civil Action No. __5:21-cv-01275__ |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **D & G AUTOMOTIVE & DIESEL** § | |
| **and BRANNON GLENN GLASS,** § | |
| § | |
| *Defendants.* § | |

**ORIGINAL COMPLAINT**

Plaintiff Jeffrey Daniel ("Plaintiff" or "Daniel") brings this action against D & G Automotive & Diesel ("D & G Auto") and Brannon Glenn Glass ("Glass") (collectively "Defendants") seeking all available relief, including unpaid back wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct.

**I.
OVERVIEW**

1. This lawsuit is brought to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*

2. Defendants own and operate a full service automotive and diesel repair and towing/recovery servicing company in Gonzales, Texas.

3. Plaintiff is a non-exempt employee who was paid an hourly rate and no overtime compensation throughout his employment with Defendants.

4.     Although Plaintiff Daniel routinely worked in excess of forty (40) hours per workweek, Plaintiff Daniel was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

5.     The decision by Defendants not to pay overtime compensation to Plaintiff Daniel was neither reasonable nor in good faith.

6.     Defendants knowingly and deliberately failed to compensate Plaintiff Daniel overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

7.     Plaintiff Daniel did not perform work that meets the definition of exempt work under the FLSA.

8.     Plaintiff Daniel therefore seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA.

## II.
## THE PARTIES

9.     Plaintiff Jeffrey Daniel ("Daniel") worked for Defendants within the relevant time period. Plaintiff Daniel did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

10.    Defendant D & G Automotive & Diesel ("D & G Auto") is a company licensed to and doing business in the State of Texas and may be served at: **134 US Highway 90A W, Gonzales, Texas 78629.**

11.    Defendant Brannon Glenn Glass ("Glass") is the Owner, President and Director of D & G Auto and an employer as defined by 29 U.S.C. § 203(d). Along with D & G Auto, Defendant Glass employed and/or jointly employed Plaintiff Daniel. Defendant Glass may be served with process at: **1241 County Road 343, Gonzales, Texas 78629, or wherever he may be found.**

12. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over D & G Auto and Plaintiff Daniel. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

14. This Court has specific personal jurisdiction over Defendants because the cause of action arose within this District as a direct result of Defendants' conduct within this District and Division.

15. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Defendants' principal place of business is located in Gonzales, Texas, and Plaintiff Daniel worked in Gonzales, Texas throughout his employment with Defendants, all of which is located in this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.
### ADDITIONAL FACTS

18. Defendants own and operate a full service automotive and diesel repair and 24-hour towing and recovery service company located in Gonzales, Texas.[1]

---

[1] https://www.facebook.com/DGAutomotiveDiesel/about/?ref=page_internal.

### *Defendants are Joint Employers*

19. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

20. Specifically, Defendant Glass dictated (and continues to dictate) the practice goals and what pressing or tactical items needed to be done to meet the goals of D & G Auto and/or their clients.

21. Further, Defendant Glass managed (and continues to manage) key internal relationships to D & G Auto—that is, he directed (and continues to direct) the financials of D & G Auto and he controlled the pay of Plaintiff Daniel who directly or indirectly reported to Defendant Glass.

22. Defendant Glass had the power to hire and fire Plaintiff Daniel.

23. Defendant Glass had the power to supervise and control Plaintiff Daniel's work schedules and conditions of his employment.

24. Defendant Glass had the power to determine Plaintiff Daniel's rate and method of payment.

25. Defendant Glass maintained Plaintiff Daniel's employment records.

26. As a result, all Defendants are responsible, both individually and jointly, for compliance with all applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

### *Plaintiff's Employment with Defendants*

27. Plaintiff Daniel worked exclusively for Defendants in Gonzales, Texas from approximately December 2018 until December 2021.

28. Based on the schedule set by Defendants, Plaintiff Daniel typically worked over forty (40) hours each workweek he performed services for Defendants.

29. On average, Plaintiff Daniel worked fifty (50) to sixty-five (65) hours per workweek.

30. Plaintiff Daniel was paid an hourly wage but no overtime.

31. Specifically, Defendants paid Plaintiff Daniel an hourly wage of $18.00 an hour throughout his employment with Defendants but did not pay Plaintiff overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

32. Plaintiff Daniel's scheduled workweek, as set by Defendants, was Monday through Friday, or five (5) days per workweek.

33. In addition to his scheduled hours, Defendants would require Plaintiff Daniel to remain working into the evenings and most Saturdays.

34. Plaintiff Daniel was responsible for assisting Defendants' customers with their automotive needs.

35. Specifically, Plaintiff Daniel's job duties consisted of identifying problems with Defendants' customers' vehicles and engines, diagnosing vehicle and engine issues, recommending repair procedures, performing repairs on Defendants' customers' vehicles and engines, performing maintenance on Defendants' customers' vehicles, and test-driving Defendants' customers' vehicles to ensure proper repair.

36. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each workweek.

37. Plaintiff Daniel regularly worked in excess of forty (40) hours per week but never received overtime compensation.

38. Accordingly, Defendants' pay policies and practices blatantly violated the FLSA.

### V.
### CAUSE OF ACTION

**A.    FLSA COVERAGE**

39. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

40. At all times hereinafter mentioned, Plaintiff Daniel has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

41. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, D & G Auto has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective period of Plaintiff's employment by Defendants, Plaintiff has provided services for Defendants that involve interstate commerce for purposes of the FLSA.

44. In performing the operations described hereinabove, Plaintiff has been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff is a non-exempt employee of Defendants who assisted Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

46. At all times hereinafter mentioned, Plaintiff has been an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

B.     **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

48.    All previous paragraphs are incorporated as though fully set forth herein.

49.    Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

50.    Plaintiff Daniel has suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

51.    Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff overtime compensation. 29 U.S.C. § 255(a).

52.    Defendants knew or should have known their pay practices were in violation of the FLSA.

53.    Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

54.    Plaintiff, on the other hand, is an unsophisticated employee who trusted Defendants to pay overtime in accordance with the law.

55.    The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

56.    Accordingly, Plaintiff Daniel is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times

his regular rate of pay, plus liquidated damages in an amount equal to her overtime wages, attorneys' fees and costs.

## VI.
## RELIEF SOUGHT

57. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Daniel;

    b. For an Order awarding the costs and expenses of this action;

    c. For an Order awarding attorneys' fees;

    d. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    e. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 23, 2021                       Respectfully submitted,

                                                     **ANDERSON ALEXANDER, PLLC**

                           By:    /s/ *Clif Alexander*
                                  **Clif Alexander**
                                  Texas Bar No. 24064805
                                  clif@a2xlaw.com
                                  **Austin W. Anderson**
                                  Texas Bar No. 24045189
                                  austin@a2xlaw.com
                                  819 N. Upper Broadway
                                  Corpus Christi, Texas 78401
                                  Telephone: (361) 452-1279
                                  Facsimile: (361) 452-1284

                                  *Counsel for Plaintiff Daniel*